Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ELIEZER CORDERO ORTIZ<br><br>Recurrente<br><br>V.<br><br>LOAISA MORALES MORALES<br><br>Recurrida | KLRA202400349 | *Revisión de Decisión Administrativa* procedente de la Administración para el Sustento de Menores<br><br>Caso Núm.: 0432365<br><br>Sobre: Alimentos |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 8 de julio de 2024.

El 1ro de julio de 2024, compareció ante este Tribunal de Apelaciones, el señor Eliezer Cordero Ortiz (en adelante, parte recurrente o señor Cordero Ortiz), por medio de escrito intitulado *Apelación.* Mediante este, nos solicita que revisemos "las Sentencias dictadas por la Administración de Sustento de Menores de Aguadilla", sin especificar a cuáles "sentencias" se refiere.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción al ser defectuoso.

### I

La parte recurrente presentó su recurso el 1ro de julio de 2024, sin embargo, no específica de ninguna forma la decisión de la cual recurre. De igual manera, no anejó documento alguno a su escrito, ni un apéndice. Únicamente realiza un señalamiento de error, el cual es el siguiente:

Erró la Administración de Sustento de Menores de Aguadilla al imputarle al Apelante el salario que

Número Identificador

SEN2024 _____

devengaba en Estados Unidos, toda vez que tuvo que renunciar a su antiguo empleo para volver a Puerto Rico, pero al ser posterior al t[é]rmino [l]egal para pedir revisión de alimentos lo que procedía era una nueva revisión y vista de alimento.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[1].

## II

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020), *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group. v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos,

---

[1] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *AFI v. Carrión Marrero*, 209 DPR 1 (2022); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *Souffront v. A.A.A.*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

### B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Íd.* Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Arraiga v. FSE*, 145 DPR 122, 130 (1998).

En lo pertinente, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de revisión de decisiones administrativas, la Regla 59 del Reglamento de este Tribunal, dispone lo siguiente:

*Regla 59 – Contenido del recurso de revisión*

[…]

(B) Índice

Inmediatamente después, habrá un índice detallado del recurso y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento.

(C)   Cuerpo

(1)   Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a)   [...]

(b)   Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c)   Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d)   Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e)   Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f)   Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g)   La súplica.

[...]

En cuanto al apéndice, la misma regla dispone lo siguiente:

(E)   Apéndice

(1)   El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a)   Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la

querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b)  [...]

(c)  La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d)  Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e)  Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f)  Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g)  [...].  4 LPRA Ap. XXII-B, R. 59.

Conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

Cónsono con lo anterior, el Tribunal Supremo en *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378 (2015), expresó que:

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

El 1ro de julio de 2024, el señor Cordero Ortiz compareció ante nos mediante recurso administrativo, no obstante, este no cumplió con las formalidades sobre perfeccionamiento de recursos administrativos que el Reglamento de este Tribunal de Apelaciones exige. Lo anterior, en la medida en que, no incluyó una referencia a la decisión del ente administrativo sobre el que recurre. En su recurso, tampoco realizó una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso, así como un señalamiento y discusión de los errores que, a su juicio, la agencia cometió.[2]

De igual manera, la parte recurrente no acompañó un apéndice con documentos pertinentes que nos coloquen en posición de resolver el recurso de epígrafe.[3]

Es normativa reiterada que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán observarse rigurosamente.[4] El incumplimiento con las disposiciones sobre forma, contenido y presentación de los recursos apelativos puede conllevar la desestimación de estos.[5]

Ante el incumplimiento de la parte recurrente con las disposiciones reglamentarias, procedemos a desestimar el recurso de revisión administrativa.

**IV**

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción al ser defectuoso.

---

[2] 4 LPRA Ap. XXII-B, R.59 (C).

[3] 4 LPRA Ap. XXII-B, R.59 (E).

[4] *Rojas v. Axtmayer Ent., Inc.*, supra, pág. 564; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Soto Pino v. Uno Radio Group*, supra, pág. 90.

[5] *Hernández Maldonado v. Taco Maker*, supra, pág. 290.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones